958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dee FARMER, Plaintiff-Appellant,
v.
James R. COWAN, Dennis Head, Robert Thalacker, Adrian Guess,
Kirk Kangas and Randall Waite, Defendants-Appellees.
 No. 90-1670.
 United States Court of Appeals, Seventh Circuit.
 Argued March 3, 1992.
Decided March 18, 1992.
Rehearing and Rehearing En Banc
Denied April 20, 1992.
 
 Before BAUER, Chief Judge, MANION, Circuit Judge and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 This civil rights action arose out of a prison disciplinary proceeding in which the prisoner, Dee Farmer, was found guilty of engaging in anal sex. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Farmer complained that the proceeding violated his fifth amendment right to due process because the disciplinary hearing officer (DHO) was partial and because the investigation of the incident report was inadequate. The district court held that the disciplinary proceeding met the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974), and Farmer appealed. We affirm.
 
 
 2
 In prison disciplinary hearings, a prisoner has fewer rights than a defendant in a criminal prosecution, and the rights the prisoner does have are tempered by the institutional needs of the prison. In Wolff, the Supreme Court held that "the full panoply of rights due a [criminal] defendant ... does not apply" in prison disciplinary hearings. 418 U.S. at 556. In a procedural due process case, the prisoner is entitled only to "the minimal requirements of procedural due process appropriate for the circumstances." Id. at 558. "Appropriate for the circumstances" means that "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id. at 556.
 
 
 3
 Farmer argues that DHO Cowan deprived him of his right to an impartial decision-maker by participating as the hearing officer in the disciplinary proceeding of his sexual partner, Stepho, who along with Farmer was charged with engaging in anal sex. This argument has merit. Both inmates were charged with the same conduct stemming from the same incident. Both inmates initially denied the charge and set forth the same defense, that they did not have sex. DHO Cowan heard the charge against Stepho first, and found him guilty of having anal sex with Farmer. This meant that Farmer was guilty too, for neither inmate could have had intercourse without the other. Thus, having committed himself to Stepho's guilt, DHO Cowan surely had to maintain the identical position with respect to Farmer, and he did so three weeks later after hearing the charge against Farmer.
 
 
 4
 But the procedural deprivation caused by DHO Cowan's conduct was manifestly harmless in view of the overwhelming evidence of Farmer's guilt. See Hayes v. Thompson, 637 F.2d 483, 493 (7th Cir.1980). DHO Cowan had before him the eyewitness report of Officer Kangas who caught Farmer and Stepho together having anal sex on the recreation yard as well as the statements made by Stepho admitting to correctional officers his participation in the sex act with Farmer. This evidence, buttressed by Farmer's refusal to present a defense, supported the guilty finding of DHO Cowan and justified his imposition of disciplinary sanctions against Farmer. Of course, if this were a criminal prosecution, the partiality of the judge could never be harmless error. Arizona v. Fulminante, 111 S.Ct. 1246, 1265 (1991). In a prison disciplinary hearing, however, we believe that harmless error analysis is appropriate. But see Powell v. Coughlin, 953 F.2d 744 (2d Cir.1991) (containing dictum to the contrary).
 
 
 5
 Farmer also argues that Lieutenant Guess's investigation of the incident violated due process because he did not interview either Officer Kangas or the inmates who were present on the yard when the incident occurred. However, Farmer's failure to supply Lieutenant Guess with the names of these witnesses despite being given the opportunity to do so results in a waiver of this argument. See Hasan Jamal Abdul Majid v. Henderson, 553 F.Supp. 1257, 1273 (N.D.N.Y.), aff'd mem., 714 F.2d 115 (2d Cir.1982). Farmer "cannot turn his own lack of diligence into a constitutional deprivation." Wolfe v. Carlson, 583 F.Supp. 977, 983 (S.D.N.Y.1984).
 
 
 6
 AFFIRMED.